**MUSICK, PEELER & GARRETT LLP**

624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

Kenneth G. Katel (State Bar No. 88487)
  *k.katel@musickpeeler.com*
Michael R. Goldstein (State Bar No. 155349)
  *m.goldstein@musickpeeler.com*
Citadelle B. Priagula (State Bar No. 272266)
  *c.priagula@musickpeeler.com*

Attorneys for Defendants POMONA VALLEY
HOSPITAL MEDICAL CENTER and
ANITHA REDDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHELLE RIOS,<br><br>              Plaintiff,<br><br>      vs.<br><br>POMONA VALLEY HOSPITAL MEDICAL CENTER, a California nonprofit corporation; ANITHA REDDI, an individual; LEIGH CORNELL, an individual; and Does 1 through 20, inclusive,<br><br>              Defendant. | CASE No. 2:19-cv-05505-VAP-MRW<br><br>**DEFENDANT ANITHA REDDI'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>The Hon. Virginia A. Phillips<br><br>Initial Complaint Served: Not served<br>1st Am. Comp. Served:   Feb. 12, 2020<br><br>Trial: August 10, 2021 |

Defendant Anitha Reddi ("Defendant") answers plaintiff Michelle Rios' ("Plaintiff's") First Amended Complaint in this matter as follows:

## JURISDICTION & VENUE

1.     Answering paragraph 1, Defendant denies the allegations for lack of sufficient knowledge and information.

2.     Answering paragraph 2, Defendant admits that Defendant Pomona Valley Hospital Medical Center is a not-for-profit corporation organized under the

laws of the State of California, with its principle mailing address located at 1798 North Garey Avenue, Pomona, California 91767.  Except as heretofore admitted, Defendant denies each and every allegation contained in said paragraph for lack of sufficient knowledge and information.

3.      Answering paragraph 3, Defendant denies the allegations.

4.      Answering paragraph 4, Defendant admits that Plaintiff purports to establish the jurisdiction of this Court pursuant to the statutes and jurisdictional principles referenced therein.

5.      Answering paragraph 5, Defendant admits that Plaintiff purports to establish the jurisdiction of this Court pursuant to the statutes and jurisdictional principles referenced therein.

6.      Answering paragraph 6, Defendant admits that Plaintiff purports to establish the venue of this Court pursuant to the statutes and principles referenced therein.

7.      Answering paragraph 7, Defendant admits that Plaintiff purports to establish the jurisdiction of this Court pursuant to the jurisdictional principle referenced therein.

8.      Answering paragraph 8, Defendant admits that Plaintiff purports to attach the "right to sue" letter from the California Department of Fair Employment and Housing to the First Amended Complaint, and Defendant refers the Court to the letter cited in said paragraph.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph and denies any allegations asserted in Exhibit A.

9.      Answering paragraph 9, Defendant admits that Plaintiff purports to attach the "right to sue" letter from the United States Equal Employment Opportunity Commission to the First Amended Complaint, and Defendant refers the Court to the letter cited in said paragraph.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph for lack of

MUSICK, PEELER
& GARRETT LLP

1219804.1

2

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

sufficient knowledge and information and denies any allegations asserted in Exhibit B.

### GENERAL ALLEGATIONS

10.     Answering paragraph 10, Defendant admits that Plaintiff purports to establish the general basis from which her suit arises.  Except as heretofore admitted, Defendant denies each and every allegation contained in said paragraph

11.     Answering paragraph 11, Defendant admits that Plaintiff was an employee of Defendant.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

12.     Answering paragraph 12, Defendant admits that Plaintiff disclosed certain medical conditions to Defendant at various times throughout her employment, including a condition affected by stress.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

13.     Answering paragraph 13, Defendant admits that during her employment, Plaintiff went out on a pre-scheduled paid vacation, purportedly for the birth of her first granddaughter.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph for lack of sufficient knowledge and information.

14.     Answering paragraph 14, Defendant admits that she was Plaintiff's immediate manager at some point during her employment.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

15.     Answering paragraph 15, Defendant admits that Plaintiff challenged her when Defendant attempted to informally bring performance deficiencies to Plaintiff's attention.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

16.     Answering paragraph 16, Defendant admits Plaintiff had been employed for more than six years and was eligible for medical benefits generally

available to Defendant's employees.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

17.   Answering paragraph 17, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

18.   Answering paragraph 18, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

19.   Answering paragraph 19, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

20.   Answering paragraph 20, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

21.   Answering paragraph 21, Defendant denies the allegations.

22.   Answering paragraph 22, Defendant denies the allegations.

23.   Answering paragraph 23, Defendant admits that she was aware that Plaintiff experienced certain medical conditions, and that Defendant PVHMC permitted her to take various leaves of absence requested by Plaintiff.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

24.   Answering paragraph 24, Defendant denies the allegations.

25.   Answering paragraph 25, Defendant admits that in December 2018, Plaintiff requested a FMLA leave of absence for a surgery and provided three weeks' notice of such leave, which Defendant PVHMC permitted in full.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

26.   Answering paragraph 26, Defendant denies the allegations.

27.   Answering paragraph 27, Defendant admits that she at various times advised all employees in Plaintiff's department to take restroom breaks during their 10 minute rest break when possible.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

28.     Answering paragraph 28, Defendant admits that on March 7, 2019, Defendant attempted to informally bring performance deficiencies to Plaintiff's attention and offer her support to assist Plaintiff in performing her duties.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

29.     Answering paragraph 29, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

30.     Answering paragraph 30, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

31.     Answering paragraph 31, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

32.     Answering paragraph 32, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

33.     Answering paragraph 33, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

34.     Answering paragraph 34, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

35.     Answering paragraph 35, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

36.     Answering paragraph 36, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

37.     Answering paragraph 37, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

38.     Answering paragraph 38, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

39.     Answering paragraph 39, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

/ / /

40. Answering paragraph 40, Defendant denies the allegations for lack of sufficient knowledge and information.

41. Answering paragraph 41, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

42. Answering paragraph 42, Defendant denies the allegations.

43. Answering paragraph 43, Defendant denies the allegations for lack of sufficient knowledge and information.

44. Answering paragraph 44, Defendant denies the allegations.

45. Answering paragraph 45, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

46. Answering paragraph 46, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

47. Answering paragraph 47, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

48. Answering paragraph 48, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

49. Answering paragraph 49, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

50. Answering paragraph 50, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

51. Answering paragraph 51, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

52. Answering paragraph 52, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

53. Answering paragraph 53, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

54. Answering paragraph 54, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

MUSICK, PEELER
& GARRETT LLP

1219804.1

6

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

55.     Answering paragraph 55, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

56.     Answering paragraph 56, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

57.     Answering paragraph 57, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

58.     Answering paragraph 58, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

59.     Answering paragraph 59, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

60.     Answering paragraph 60, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

61.     Answering paragraph 61, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

62.     Answering paragraph 62, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

63.     Answering paragraph 63, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

7

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

64.     Answering paragraph 64, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

65.     Answering paragraph 65, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

66.     Answering paragraph 66, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

67.     Answering paragraph 67, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

68.     Answering paragraph 68, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

69.     Answering paragraph 69, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

70.     Answering paragraph 70, Defendant denies the allegations for lack of sufficient knowledge and information.

71.     Answering paragraph 71, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

72.     Answering paragraph 72, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

73.     Answering paragraph 73, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

74.     Answering paragraph 74, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

75.     Answering paragraph 75, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

76.     Answering paragraph 76, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

/ / /

77.     Answering paragraph 77, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

78.     Answering paragraph 78, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

79.     Answering paragraph 79, Defendant states that the allegations contained in said paragraph consist of Plaintiff's interpretation of the statutes and regulations cited therein which requires no response.  To the extent a response is required, Defendant refers the Court to each statute and regulation cited in said paragraph.  To the further extent that a response is required, Defendant denies that she has failed to comply with any statutory obligation, if any, or discharge any statutory duty, if any.

80.     Answering paragraph 80, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

81.     Answering paragraph 81, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

82.     Answering paragraph 82, Defendant denies the allegations for lack of sufficient knowledge and information.

**FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION**

**RETALIATION AGAINST FMLA-PROTECTED CONDUCT; RETALIATION AGAINST CFRA-PROTECTED CONDUCT; UNLAWFUL § 1102.5 WHISTLEBLOWER RETALIATION; RETALIATION AGAINST ASSERTING ADA DISABILITY RIGHTS; RETALIATION AGAINST ASSERTING FEHA DISABILITY RIGHTS**

83.     Answering paragraph 83, Defendant repeats and re-alleges each and every admission, denial and allegation in its answers to all preceding paragraphs as if fully set forth herein.

84.     Answering paragraph 84, Defendant admits the allegations on information and belief.

MUSICK, PEELER
& GARRETT LLP

1219804.1

9

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

85.    Answering paragraph 85, Defendant admits that she was Plaintiff's manager.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

### Labor Code § 1102.5 /ADA Retaliation /FEHA Retaliation

86.    Answering paragraph 86, Defendant denies the allegations.  Defendant further denies that she is subject to individual liability for the causes of action plead against her.

87.    Answering paragraph 87, Defendant admits that in August 2017, Plaintiff went out on a pre-scheduled paid vacation, purportedly for the birth of her first granddaughter.  Defendant further admits that she was Plaintiff's immediate manager at some point during her employment.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph. Defendant denies that Defendant Reddi is subject to individual liability for the causes of action plead against her.

88.    Answering paragraph 88, Defendant admits that Plaintiff challenged her when she attempted to informally bring performance deficiencies to Plaintiff's attention.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

89.    Answering paragraph 89, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

90.    Answering paragraph 90, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

91.    Answering paragraph 91, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

92.    Answering paragraph 92, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

93.    Answering paragraph 93, Defendant denies the allegations.

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

10

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

94.     Answering paragraph 94, Defendant denies the allegations for lack of sufficient knowledge and information.

## **Labor Code § 1102.5 /FMLA Retaliation /CFRA Retaliation**

95.     Answering paragraph 95, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

96.     Answering paragraph 96, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

97.     Answering paragraph 97, Defendant denies the allegations.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

98.     Answering paragraph 98, Defendant admits that it in December 2018, Plaintiff requested a FMLA leave of absence for a surgery and provided three weeks' notice of such leave, which Defendant PVHMC permitted in full.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

99.     Answering paragraph 99, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.

100.    Answering paragraph 100, Defendant admits that she at various times advised all employees in Plaintiff's department to take restroom breaks during their 10 minute rest break when possible.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

101.    Answering paragraph 101, Defendant denies the allegations. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

/ / /

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

11

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## Labor Code § 1102.5 /ADA Retaliation /FEHA Retaliation

102.   Answering paragraph 102, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

103.   Answering paragraph 103, Defendant denies the allegations.

104.   Answering paragraph 104, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

105.   Answering paragraph 105, Defendant denies the allegations for lack of sufficient knowledge and information.

106.   Answering paragraph 106, Defendant denies the allegations that she violated Labor Code § 1102.5, the CFRA, and/or the FMLA or that any alleged violation was intentional, despicable, and/or in conscious disregard for Plaintiff's rights.  Defendant further states that the allegations contained in said paragraph consist of Plaintiff's listing of select matters involving Defendant PVHMC resulting from a public search of Court dockets and information received by Plaintiff from the DFEH which requires no response.  To the extent a response is required, Defendant denies each allegation in said paragraph for lack of sufficient knowledge and information.  Defendant denies all other allegations in this paragraph and that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

107.   Answering paragraph 107, Defendant repeats and re-alleges each and every admission, denial and allegation in its answers to all preceding paragraphs as if fully set forth herein.

1    108.   Answering paragraph 108, Defendant denies each allegation in said
2    paragraph for lack of sufficient knowledge and information.

3    109.   Answering paragraph 109, Defendant admits that Plaintiff purports to
4    attach portions of certain contracts to the First Amended Complaint.  To the extent
5    that a response is required, Defendant denies each allegation in said paragraph for
6    lack of sufficient knowledge and information.

7    110.   Answering paragraph 110, Defendant admits that Plaintiff purports to
8    attach portions of certain contracts to the First Amended Complaint.  To the extent
9    that a response is required, Defendant denies each allegation in said paragraph for
10   lack of sufficient knowledge and information.

11   111.   Answering paragraph 111, Plaintiff sets forth a legal conclusion to
12   which no response is required.  To the extent a response is required, Defendant
13   denies each allegation in said paragraph for lack of sufficient knowledge and
14   information.

15   112.   Answering paragraph 112, Plaintiff sets forth a legal conclusion to
16   which no response is required.  To the extent a response is required, Defendant
17   denies each allegation in said paragraph for lack of sufficient knowledge and
18   information.

19   113.   Answering paragraph 113, Plaintiff sets forth a legal conclusion to
20   which no response is required.  To the extent a response is required, Defendant
21   denies each allegation in said paragraph for lack of sufficient knowledge and
22   information.

23   114.   Answering paragraph 114, Plaintiff sets forth a legal conclusion to
24   which no response is required.  To the extent a response is required, Defendant
25   denies the allegations contained in said paragraph.  Defendant denies that Plaintiff is
26   entitled to the relief sought or any relief whatsoever.  Defendant denies that she is
27   subject to individual liability for the causes of action plead against her.

28   / / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

13

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

115.   Answering paragraph 115, Defendant denies the allegations. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

## SEVENTH AND EIGHTH CAUSES OF ACTION
## FAILURE TO ACCOMMODATE (FEHA/ADA)

116.   Answering paragraph 116, Defendant repeats and re-alleges each and every admission, denial and allegation in its answers to all preceding paragraphs as if fully set forth herein.

117.   Answering paragraph 117, Defendant admits the allegations based on information and belief.

118.   Answering paragraph 118,  Defendant admits that she was Plaintiff's manager.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

119.   Answering paragraph 119, Defendant denies the allegations for lack of sufficient knowledge and information.

120.   Answering paragraph 120, Defendant denies the allegations for lack of sufficient knowledge and information.

121.   Answering paragraph 121, Defendant denies the allegations.

122.   Answering paragraph 122, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

123.   Answering paragraph 123, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

MUSICK, PEELER
& GARRETT LLP

1219804.1

14

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

124.   Answering paragraph 124, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.

125.   Answering paragraph 125, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

126.   Answering paragraph 126, Defendant denies the allegations. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

127.   Answering paragraph 127, Defendant states that the allegations contained in said paragraph consist of Plaintiff's listing of select matters involving Defendant PVHMC resulting from a public search of Court dockets and information received by Plaintiff from the DFEH which requires no response.  To the extent a response is required, Defendant denies the allegations.  Defendant denies all other allegations in this paragraph and that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

## NINTH AND TENTH CAUSES OF ACTION

## FAILURE TO TIMELY ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH (FEHA/ADA)

128.   Answering paragraph 128, Defendant repeats and re-alleges each and every admission, denial and allegation in its answers to all preceding paragraphs as if fully set forth herein.

129.   Answering paragraph 129, Defendant admits the allegations based on information and belief.

/ / /

130.   Answering paragraph 130, Defendant admits that she was Plaintiff's manager.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

131.   Answering paragraph 131, Defendant admits that on March 7, 2019, she attempted to informally bring performance deficiencies to Plaintiff's attention and offer her support to assist Plaintiff in performing her duties.  Except as heretofore admitted and/or alleged, Defendant denies each remaining allegation in said paragraph.

132.   Answering paragraph 132, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

133.   Answering paragraph 30, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

134.   Answering paragraph 134, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

135.   Answering paragraph 135, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

136.   Answering paragraph 136, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

137.   Answering paragraph 137, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

138.   Answering paragraph 138, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

139.   Answering paragraph 139, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

140.   Answering paragraph 140, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

141.   Answering paragraph 141, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

MUSICK, PEELER
& GARRETT LLP

1219804.1

16

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

142.   Answering paragraph 142, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

143.   Answering paragraph 143, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

144.   Answering paragraph 144, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

145.   Answering paragraph 145, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

146.   Answering paragraph 146, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

147.   Answering paragraph 147, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

148.   Answering paragraph 148, Defendant denies the allegations for lack of sufficient knowledge and information.

149.   Answering paragraph 149, Defendant denies the allegations for lack of sufficient knowledge and information.

150.   Answering paragraph 150, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

151.   Answering paragraph 151, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.  .

152.   Answering paragraph 152, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

153.   Answering paragraph 153, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

154.   Answering paragraph 154, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

155.   Answering paragraph 155, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

156.   Answering paragraph 156, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

157.   Answering paragraph 157, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

158.   Answering paragraph 158, Defendant states that the allegations contained in said paragraph consist of Plaintiff's listing of select matters involving Defendant PVHMC resulting from a public search of Court dockets and information received by Plaintiff from the DFEH which requires no response.  To the extent a response is required, Defendant denies the allegations.  Defendant denies all other allegations in this paragraph and that Plaintiff is entitled to the relief sought or any relief whatsoever.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

/ / /

/ / /

/ / /

/ / /

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

18

Case No. 2:19-cv-05505-VAP-MRW
DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## <u>ELEVENTH CAUSE OF ACTION</u>

## **FAILURE TO RESTRAIN OR PREVENT UNLAWFUL EMPLOYMENT PRACTICES**

159.   Answering paragraph 159, Defendant repeats and re-alleges each and every admission, denial and allegation in its answers to all preceding paragraphs as if fully set forth herein.

160.   Answering paragraph 160, Defendant admits the allegations.

161.   Answering paragraph 161, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

162.   Answering paragraph 162, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

163.   Answering paragraph 163, Defendant denies the allegations.

164.   Answering paragraph 164, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

165.   Answering paragraph 165, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

166.   Answering paragraph 166, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

167.   Answering paragraph 167, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

168.   Answering paragraph 168, Defendant denies the allegations for lack of sufficient knowledge and information

169.   Answering paragraph 169, Defendant denies the allegations. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

/ / /

/ / /

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

19

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**TWELFTH CAUSE OF ACTION**

**CALIFORNIA CMIA (CIV. CODE §§ 56 *et seq.*)**

170.   Answering paragraph 170, Defendant repeats and re-alleges each and every admission, denial and allegation in its answers to all preceding paragraphs as if fully set forth herein.

171.   Answering paragraph 171, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

172.   Answering paragraph 172, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.  Defendant denies that she is subject to individual liability for the causes of action plead against her.

173.   Answering paragraph 173, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.

174.   Answering paragraph 174, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in said paragraph.

175.   Answering paragraph 175, Defendant denies the allegations contained in said paragraph for lack of sufficient knowledge and information.

176.   Answering paragraph 176, Defendant denies the allegations. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

177.   Answering paragraph 177, Defendant states that the allegations contained in said paragraph consist of Plaintiff's interpretation of the statutes or regulations that Plaintiff fails to cite therein, and which require no response.

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

20

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  To the extent a response is required, Defendant denies the allegations for lack of

2  sufficient knowledge and information.

3  ### THIRTEENTH CAUSE OF ACTION

4  ### UCL - § 17200

5  178.   Answering paragraph 178, Defendant repeats and re-alleges each and

6  every admission, denial and allegation in its answers to all preceding paragraphs as

7  if fully set forth herein.

8  179.   Answering paragraph 179, Plaintiff sets forth a legal conclusion to

9  which no response is required.  To the extent a response is required, Defendant

10  denies the allegations contained in said paragraph.

11  180.   Answering paragraph 180, Plaintiff sets forth a legal conclusion to

12  which no response is required.  To the extent a response is required, Defendant

13  denies the allegations contained in said paragraph.

14  181.   Answering paragraph 181, Plaintiff sets forth a legal conclusion to

15  which no response is required.  To the extent a response is required, Defendant

16  denies the allegations contained in said paragraph.  Defendant denies that she is

17  subject to individual liability for the causes of action plead against her.

18  182.   Answering paragraph 182, Plaintiff sets forth a legal conclusion to

19  which no response is required.  To the extent a response is required, Defendant

20  denies the allegations contained in said paragraph.  Defendant denies that Plaintiff is

21  entitled to the relief sought or any relief whatsoever.  Defendant denies that she is

22  subject to individual liability for the causes of action plead against her.

23  183.   Answering paragraph 183, Plaintiff sets forth a legal conclusion to

24  which no response is required.  To the extent a response is required, Defendant

25  denies the allegations contained in said paragraph.  Defendant denies that Plaintiff is

26  entitled to the relief sought or any relief whatsoever.

27  / / /

28  / / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

21

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1    184.   Answering paragraph 184, Defendant denies the allegations.

2  Defendant denies that Plaintiff is entitled to the relief sought or any relief

3  whatsoever.

## FOURTEENTH CAUSE OF ACTION

## DECLARATORY RELIEF & INJUNCTIVE RELIEF

6    185.   Answering paragraph 185, Defendant repeats and re-alleges each and

7  every admission, denial and allegation in its answers to all preceding paragraphs as

8  if fully set forth herein.

9    186.   Answering paragraph 186, Defendant states that the allegations

10  contained in said paragraph consist of Plaintiff's interpretation of the statutes and

11  regulations cited therein which requires no response.  To the extent a response is

12  required, Defendant refers the Court to each statute and regulation cited in said

13  paragraph.

14    187.   Answering paragraph 187, Defendant states that the allegations

15  contained in said paragraph consist of Plaintiff's interpretation of the statutes and

16  regulations to which Plaintiff includes no citation therein, and which requires no

17  response.

18    188.   Answering paragraph 188, Defendant admits the allegations on

19  information and belief.

## Unlawful Policy to Delay the Interactive Process

21    189.   Answering paragraph 189, Defendant denies the allegations for lack of

22  sufficient knowledge and information.

23    190.   Answering paragraph 190, Plaintiff sets forth a legal conclusion to

24  which no response is required.  To the extent a response is required, Defendant

25  denies the allegations for lack of sufficient knowledge and information.

26    191.   Answering paragraph 191, Plaintiff sets forth a legal conclusion to

27  which no response is required.  To the extent a response is required, Defendant

28  denies the allegations for lack of sufficient knowledge and information.

192.   Answering paragraph 192, Defendant states that the allegations contained in said paragraph consist of Plaintiff's interpretation of the statutes and regulations cited therein which requires no response.  To the extent a response is required, Defendant refers the Court to each statute and regulation cited in said paragraph.

193.   Answering paragraph 193,  Defendant denies the allegations. Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

194.   Answering paragraph 194, Defendant denies the allegations for lack of sufficient knowledge and information.

**Unlawful Policy of Requiring Affirmative Requests for Interactive Process**

195.   Answering paragraph 195, Defendant denies the allegations for lack of sufficient knowledge and information.

196.   Answering paragraph 196, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations for lack of sufficient knowledge and information.

197.   Answering paragraph 197, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations for lack of sufficient knowledge and information.

198.   Answering paragraph 198, Defendant states that the allegations contained in said paragraph consist of Plaintiff's interpretation of the statutes and regulations cited therein which requires no response.  To the extent a response is required, Defendant refers the Court to each statute and regulation cited in said paragraph.

199.   Answering paragraph 199, Defendant denies the allegations for lack of sufficient knowledge and information.  Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

23

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**Unlawful Policy of Refusing to Waive Non-Essential Job Functions When**
**Offering Reassignment as an Accommodation**

200.   Answering paragraph 200, Defendant denies the allegations for lack of sufficient knowledge and information.

201.   Answering paragraph 201, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations for lack of sufficient knowledge and information.

202.   Answering paragraph 202, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations for lack of sufficient knowledge and information.

203.   Answering paragraph 203, Defendant states that the allegations contained in said paragraph consist of Plaintiff's interpretation of the statutes and regulations cited therein which requires no response.  To the extent a response is required, Defendant refers the Court to each statute and regulation cited in said paragraph.

204.   Answering paragraph 204, Defendant denies the allegations for lack of sufficient knowledge and information.  Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

**Unlawful Policy of Precluding Disabled Employees from Disclosing their**
**Disability to Interviewers**

205.   Answering paragraph 205, Defendant denies the allegations for lack of sufficient knowledge and information.

206.   Answering paragraph 206, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations for lack of sufficient knowledge and information.

207.   Answering paragraph 207, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations for lack of sufficient knowledge and information.

MUSICK, PEELER
& GARRETT LLP

1219804.1

24

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

208.   Answering paragraph 208, Plaintiff sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations for lack of sufficient knowledge and information.

209.   Answering paragraph 209, Defendant states that the allegations contained in said paragraph consist of Plaintiff's interpretation of the statutes and regulations cited therein which requires no response.  To the extent a response is required, Defendant refers the Court to each statute and regulation cited in said paragraph.

210.   Answering paragraph 210, Defendant denies the allegations for lack of sufficient knowledge and information.  Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

## First Affirmative Defense

### (Failure to State Causes of Action)

211.   Plaintiff's First amended Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## Second Affirmative Defense

### (Statutes of Limitations)

212.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's First Amended Complaint, or portions thereof, is barred by the applicable statutes of limitations.  (Cal. Gov't. Code §§ 12945.1 to 12945.2, 12960, and 12965; Cal. Lab. Code § 1105; Cal. Civ. Proc. Code §§ 340, 335.1, 337 and 338(a); Cal. Civ. Code § 56.35; Cal. Bus. and Prof. Code. § 17208; 29 USC § 2617(c)(1)-(c)(2); 29 CFR § 825.400(b); 42 U.S.C. §§ 2000e-5(e)(1), 42 U.S.C. § 2000e-5(f)(1), and 12117(a).)

/ / /

/ / /

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

25

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## Third Affirmative Defense

### (After-Acquired Evidence)

213.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's First Amended Complaint, or the damages alleged therein, is barred by the doctrine of after-acquired evidence.

## Fourth Affirmative Defense

### (Failure to Mitigate Damages)

214.   Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to mitigate her damages, if any.

## Fifth Affirmative Defense

### (Failure to Exhaust Administrative Remedies)

215.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's First Amended Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies under the California Fair Employment and Housing Act and the Americans with Disabilities Act of 1990.

## Sixth Affirmative Defense

### (Workers' Compensation Preemption)

216.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's First Amended Complaint, or portions thereof, is barred by the exclusive remedies provisions of the California Workers' Compensation Act.  Cal. Lab. Code §§ 3600, et seq.

## Seventh Affirmative Defense

### (Setoff)

217.   If Plaintiff is entitled to any recovery, Defendant is entitled to set off any prior recoveries, compensation, or benefits Plaintiff has received in connection with the injuries or claims identified in this case and/or any collateral sources.

/ / /

1

**Eighth Affirmative Defense**

2

**(Undue Hardship)**

3          218.   Defendant is informed and believes, and based thereon alleges,

4  that any accommodations would impose an undue hardship on the operation of

5  Defendant PVHMC's business.

6

7

**Ninth Affirmative Defense**

8

**(Inability to Perform Essential Job Duties)**

9          219.   Defendant is informed and believes, and based thereon alleges, that

10  Plaintiff is unable to perform her essential job duties, with or without reasonable

11  accommodation.

12

**Tenth Affirmative Defense**

13

**(Danger to Self and/or Others)**

14          220.   Defendant is informed and believes, and based thereon alleges, that

15  Plaintiff was unable to perform the essential job functions of the position in question

16  in a manner which would not endanger her health or safety or the health or safety of

17  others, with or without reasonable accommodation.

18

**Eleventh Affirmative Defense**

19

**(Failure to Provide Certification)**

20          221.   Defendant is informed and believes, and based thereon alleges, that

21  Plaintiff failed to provide a health-care provider's certification for her need for

22  leave.

23

**Twelfth Affirmative Defense**

24

**(Failure to Provide Statement of Fitness to Return to Work)**

25          222.   Defendant is informed and believes, and based thereon alleges, that

26  Plaintiff failed to provide a written statement from her health-care provider that she

27  was fit to return to work.

28  / / /

## Thirteenth Affirmative Defense

### (Other Non-Discriminatory or Non-Retaliatory Reasons)

223.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's employment would have ceased for other, non-discriminatory and non-retaliatory reasons.

## Fourteenth Affirmative Defense

### (Conduct By Plaintiff)

224.   Defendant is informed and believes, and based thereon alleges, that if it should be determined that Plaintiff has been damaged in any amount, that such damage resulted from the conduct of Plaintiff, and was not caused by Defendant.

## Fifteenth Affirmative Defense

### (Acts or Omissions of Others)

225.   Defendant is informed and believes, and based thereon alleges, that if it should be determined that Plaintiff has been damaged in any amount, that such damage resulted from the acts or omissions of persons or entities other than Defendant.

## Sixteenth Affirmative Defense

### (Avoidable Consequences)

226.   Regarding each of Plaintiff's causes of action, Defendant is informed and believes, and based thereon alleges, that Plaintiff's damages are barred, in whole or in part, by the doctrine of avoidable consequences.

## Seventeenth Affirmative Defense

### (Mixed Motive)

227.   Defendant alleges that regardless of Plaintiff's allegations that discrimination was a substantial motivating factor in the decision-making process, legitimate factors existed that would have resulted in Defendant taking the same action in regards to Plaintiff's employment.

/ / /

**Eighteenth Affirmative Defense**

**(Unclean Hands)**

228.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's First Amended Complaint, in whole or part, is barred by the equitable doctrines of unclean hands.

**Nineteenth Affirmative Defense**

**(Waiver, Consent, and Estoppel)**

229.   Defendant is informed and believes, and based thereon alleges, that the First Amended Complaint, or portions, thereof, is barred by the doctrines of waiver, consent, and estoppel.

**Twentieth Affirmative Defense**

**(Unjust Enrichment)**

230.   Plaintiff may not recover damages in this action because under the circumstances presented that would constitute unjust enrichment.

**Twenty-First Affirmative Defense**

**(Statute of Frauds)**

231.   Defendant is informed and believes, and based thereon alleges, that any alleged contracts or agreements purportedly entered into between Defendant and any third party by which Plaintiff may be a third party beneficiary are unenforceable pursuant to the Statute of Frauds.

**Twenty-Second Affirmative Defense**

**(Uncertainty of Material Terms)**

232.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's breach of contract cause of action is barred and that Plaintiff cannot recover any amount under the alleged contract(s) or agreement(s), if any, as any such alleged contract or agreement is unenforceable due to uncertainty of the material terms.

/ / /

1                    **Twenty-Third Affirmative Defense**

2           **(Failure of Consideration and Lack of Mutual Assent)**

3        233.   Defendant is informed and believes, and based thereon alleges, that

4 Plaintiff's breach of contract cause of action is barred and that Plaintiff cannot

5 recover any amount under the alleged contract(s) or agreement(s), if any, due to a

6 lack of mutual assent and consideration.

7                  **Twenty-Fourth Affirmative Defense**

8                        **(Non-Performance)**

9        234.   Defendant alleges that Plaintiff's breach of contract causes of action is

10 barred by the third party contractor's failure to perform conditions identified in the

11 alleged contract(s) or agreement(s).

12                   **Twenty-Fifth Affirmative Defense**

13                           **(Breach)**

14        235.   Defendant alleges that Plaintiff's breach of contract cause of action is

15 barred by third party contractor's material breaches of the alleged contract(s) or

16 agreement(s).

17                   **Twenty-Sixth Affirmative Defense**

18                        **(Ratification)**

19        236.   Defendant alleges that the First Amended Complaint and each of the

20 causes of action therein are barred because the alleged conduct of Defendant was

21 approved, consented to, authorized, and/or ratified by Plaintiff through her actions,

22 omissions, and course of conduct.

23                **Twenty-Seventh Affirmative Defense**

24            **(Rescission and Mutual Abandonment)**

25        237.   Defendant alleges that Plaintiff's breach of contract cause of action is

26 barred by third party contractor's rescission and/or mutual abandonment of the

27 alleged contract(s) or agreement(s).

28 / / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

30

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**Twenty-Eighth Affirmative Defense**

**(Failure of Consideration)**

238.   Defendant alleges that Plaintiff's breach of contract cause of action is barred by failure of consideration of the alleged contract(s) or agreement(s).

**Twenty-Ninth Affirmative Defense**

**(Nominal Damages)**

239.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's Confidentiality of Medical Information Act cause of action is barred to the extent resulting the damages, if any, are nominal.

**Thirtieth Affirmative Defense**

**(Business Practices)**

240.   Defendant is informed and believes, and based thereon alleges, that Plaintiff's Unfair Competition Law cause of action is barred to the extent Defendant PVHMC's business practices were not unfair, unlawful, fraudulent or deceptive.

**Thirty-First Affirmative Defense**

**(Punitive Damages Unconstitutional)**

241.   Regarding all counts asserted in the First Amended Complaint, imposition of punitive damages will violate Defendant's due process and equal protection rights under the United States and California Constitution.

**Thirty-Second Affirmative Defense**

**(Punitive Damages Barred)**

242.   To the extent that Plaintiff seeks punitive damages, Plaintiff's claims for punitive damages are barred by the provisions of section 3294, subdivision (a) of the Civil Code.

/ / /

/ / /

/ / /

/ / /

MUSICK, PEELER
& GARRETT LLP

1219804.1

31

Case No. 2:19-cv-05505-VAP-MRW

DEFENDANT ANITHA REDDI'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend this answer and to assert additional defenses and/or to supplement, alter, or change its answer and affirmative defenses upon completion of appropriate investigation and discovery.

WHEREFORE, Defendant prays as follows:

1.      That Plaintiff's First Amended Complaint be dismissed;

2.      That Plaintiff take nothing by reason thereof;

3.      That judgment be entered in favor of Defendant;

4.      That Defendant be awarded her attorneys' fees and costs incurred in connection with this action; and

5.      For such other and further relief as the Court may deem just and proper.

DATED:  June 26, 2020                    MUSICK, PEELER & GARRETT, LLP


By: /s/
          CITADELLE B. PRIAGULA
          ATTORNEYS FOR DEFENDANT
          ANITHA REDDI

1

## <u>PROOF OF SERVICE</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

  At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is One Wilshire Building, 624 South Grand Avenue, Suite 2000, Los Angeles, CA 90017-3383.

4

5

  On June 26, 2020, I served true copies of the following document(s) described as **DEFENDANT ANITHA REDDI'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

6

7

8

### **SEE ATTACHED SERVICE LIST**

9

  **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

10

11

12

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14

  Executed on June 26, 2020, at Los Angeles, California.

15

16

         /s/ _____

17

         Therese F. Maucere

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
Michelle Rios v. Pomona Valley Medical Center, et al.
Case No. 2:19-cv-05505-VAP-MRW
Our File No. 72117.843

| | |
|---|---|
| I. Benjamin Blady, Esq.<br>**BLADY WORKFORCE LAW GROUP LLP**<br>5757 Wilshire Boulevard, Suite 535<br>Los Angeles, CA  90036<br>Tel: 323.933.1352<br>Email: bblady@bwlawgroup.com | Attorneys for Plaintiff<br>MICHELLE RIOS |
| Levi Lesches, Esq.<br>**LESCHES LAW**<br>5757 Wilshire Boulevard, Suite 535<br>Los Angeles, CA  90036<br>Tel: 323.900.0580<br>Email: levi@lescheslaw.com | Attorneys for Plaintiff<br>MICHELLE RIOS |